UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
OCT 16 2007
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

STEVEN DALE SHOOPMAN,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

Criminal Case No:96-80378
Hon. Anna Diggs Taylor

## MEMORANDUM OPINION AND ORDER

Petitioner has filed a Motion for Award of Additional Jail Credits. In his motion, Petitioner indicates that he should be awarded an additional 99 days credit for time served in Oakland County Jail. For the reasons set forth below, Petitioner's motion must be DENIED.

### I.

On May 10, 1996, Petitioner was charged by way of indictment with felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). On July 24, 1996, Petitioner entered a guilty plea. On November 7, 1996, Petitioner was sentenced by this court to a term of imprisonment of 110 months followed by three years supervised release. Petitioner completed his term of imprisonment and began his supervised release on August 31, 2004.

On December 6, 2004, Petitioner was arrested and charged with felonious assault, habitual offender -fourth degree, and domestic violence. He remained in state custody while those charges were pending. On March 15, 2005, he was sentenced by the Judge Chabot to 14 months to 15 years incarceration in the Michigan Department of Corrections on the felonious assault, habitual fourth with zero jail credit; and 93 days in jail with 93 days jail credit on the domestic violence charge. Judge Chabot ordered that his sentence be served consecutively to any federal sentence. On April 19, 2007, this court sentenced

Petitioner to 24 months incarceration for violation of his supervised release. This court granted Petitioner 23 days jail credit for time he spent in custody pending hearing on his violation ( March 27, 2007 through April 19, 2007.) On June 14, 2007, Petitioner filed the instant motion and requests that this court award credit for the time he spent in jail from December 4, 2004, the date of his arrest on the state case, until March 15, 2005, the date he was sentenced on the state case.

## II.

18 U.S.C. §3585(b) states that a defendant is entitled to credit against his term of incarceration for any time served "prior to the date the sentence commences" if that time "has not been credited against another sentence." Petitioner was granted 93 days jail credit for the domestic violence charge. Pursuant to statute, Petitioner can only receive credit if that time "has not been credited against another sentence." Petitioner's time was clearly already credited against another sentence. Accordingly, Petitioner's motion requesting an award of additional jail credits must be denied.

It should also be noted that Respondent correctly asserts that the Bureau of Prisons is the proper party to compute and apply credits. *United States v. Wilson*, 503 U.S. 329 (1992). Accordingly, Petitioner should have directed any requests for additional jail credits to the Bureau of Prisons. Accordingly, Petitioner's motion is DENIED.

For the foregoing reasons,

IT IS ORDERED that Petitioner's motion for award of additional jail credits is hereby DENIED.

IT IS SO ORDERED.

ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

DATED: OCT 16 2007

2

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on October 16, 2007.

Steven Dale Shoopman, # 19794-039
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

                                                    s/Johnetta M. Curry-Williams
                                                    Case Manager